# EXHIBIT A

 CT Corporation

**TO:** Carrie Troesch
Nationwide Mutual Insurance Company
One Nationwide Plaza, 1-30-401
Columbus, OH 43215-2220

**RE:** **Process Served in Tennessee**

**FOR:** Nationwide Mutual Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Mooreland Estates Homeowners Association, Pltf. vs. Nationwide Mutual Insurance Company, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Return , Return, Complaint, First set if interrogatories, Instructions & Definitions |
| **COURT/AGENCY:** | Davidson County Chancery Court, TN<br>Case # 41284 |
| **NATURE OF ACTION:** | Nationwide failed to pay amounts due pursuant to the policy for this covered loss following its assurance to plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/27/2012 postmarked on 08/22/2012 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | T. Chad White<br>Tune, Entrekin & White , P.C.<br>315 Deaderick Street<br>Nashville, TN 37238<br>615-244-2770 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/27/2012, Expected Purge Date: 09/01/2012<br>Image SOP |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 800-592-9023 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

August 22, 2012

Nationwide Mutual Insurance Company         Certified Mail
800 S. Gay Street, Ste 2021, % C T Corp.    Return Receipt Requested
Knoxville, TN 37929-9710                     7011 2970 0003 4363 9805
NAIC # 23787                                 Cashier # 4832

Re:    Mooreland Estates Homeowner'S Assn.  V.  Nationwide Mutual Insurance Company

       Docket # 41284

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served August 22, 2012, on your behalf in connection with the
above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Williamson County
    P O Box 1666
    Franklin, Tn 37065

# STATE OF TENNESSEE
## SUMMONS

### IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

Plaintiff _Mooreland Estates Homeowner's Association_

**Plaintiff**

vs.

Defendant _Nationwide Mutual Ins. Co. a/k/a Nationwide Ins._
_500 James Robertson Parkway_

**Defendant**
_Nashville, TN 37243-0565_

**Defendant**

**CIVIL ACTION NO.** _41284_

Service By:
☐ Sheriff
☐ Attorney
☐ Sec. Of State
☒ Comm. Of Insurance

---

**To the above named Defendant:**

You are hereby summoned and required to serve upon _I. Chad White_ plaintiff's attorney, whose address is _315 Deaderick St. Suite 1700, Nash. TN 37238_, an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Elaine B. Beeler, Clerk and Master for said Court at office this _16_ day of _Aug_, 20_12_

_Elizabeth Maxwell_
**Clerk & Master**

---

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk and Master, P.O.Box 1666, Franklin, TN 37065.

## DEFT./WITNESS COPY

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that I served this summons together with the complaint as follows:

Check *one*: (1) or (2) are for the return of an authorized officer or attorney; an attorney's return must be sworn to; (3) is for the witness who will acknowledge service and requires the witness's signature.

☐  1.    I certify that on the date indicated below I served a copy of this summons on the witness stated above by _____

☐  2.    I failed to serve a copy of this summons on the witness because
_____

☐  3.    I acknowledge being served with this summons on the date indicated below:

DATE OF SERVICE: _____

SIGNATURE OF WITNESS, OFFICER OR ATTORNEY: _____

Signature of Notary Public or Deputy Clerk: _____

Commission Expires: _____

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case no. _____ to the defendant _____, on the _____ day of _____, 20_____.
I received the return receipt, which had been signed by _____
on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk and Master.

_____
Signature

Sworn to and subscribed before me on this __ day of _____ 20____.

Commission Expires: _____
_____
Signature of Notary Public or Deputy Clerk

## CERTIFICATION (IF APPLICABLE)

I hereby certify this to be a true and correct copy of the original summons issued in this case.

_____
CLERK & MASTER

2012 AUG 16 AM 10: 56

| | |
|---|---|
| MOORELAND ESTATES HOMEOWNERS' ASSOCIATION, ) | ENTERED_____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. ___41284___ |
| ) | |
| NATIONWIDE MUTUAL INSURANCE ) COMPANY, a/k/a NATIONWIDE ) INSURANCE, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Mooreland Estates Homeowners' Association ("Plaintiffs") hereby brings this civil action for breach of contract, misrepresentation, negligent misrepresentation, promissory estoppel, and bad faith against defendant Nationwide Mutual Insurance Company ("Nationwide") and for this cause of action would show as follows:

### Parties

1. Plaintiffs are a Tennessee Non-Profit Corporation authorized to conduct business in the State of Tennessee.

2. Upon information and belief, Nationwide is an foreign corporation authorized to conduct business in the State of Tennessee. Nationwide may be served with process in this matter by way of the Insurance Commissioner, Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, TN 37243-0565.

3. The contract of insurance (the "Policy"), which is the subject of this case, was

-1-

issued by Mark Pody, an agent for Nationwide to provide full coverage for Plaintiff's residential premises and other improvements related thereto (the "Property"), all of which are collectively located in Brentwood, Williamson County, Tennessee.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over the controversy between the parties under the provisions of Tenn. Code Ann. § 16-11-101, *et. seq.*

5. Venue properly lies in this Court pursuant to Tenn. Code Ann. § 20-4-101, *et seq.*

## Facts

6. Plaintiff's Policy, bearing number 63 BP 249-786-3001, commenced coverage on December 1, 2005 and continued through December 1, 2006.

7. Plaintiff entered into an insurance policy with Nationwide for property damage coverage, building replacement costs, related remedial and clean up work, and losses as otherwise provided in the Policy for the Property.

8. In January 2006, a fire resulted in significant damage to the Property.

9. The damage and losses caused by the fire were a covered loss pursuant to the provisions of the Policy.

10. Plaintiff promptly and properly reported the covered loss and related damages to Nationwide and complied with all the applicable conditions and duties under the Policy.

11. Plaintiff solicited bids for the remedial work to be performed on the Property.

12. Upon review of the bids obtained by Plaintiff, Nationwide indicated a preference for a particular contractor even though its bid was higher than other bid(s) obtained by Plaintiff.

-2-

13. At Nationwide's suggestion, Plaintiff engaged the contractor preferred by Nationwide.

14. At the time Plaintiff engaged Nationwide's preferred contractor, the Nationwide representative assigned to this claim assured Plaintiff that the Policy had sufficient funds to pay for the remedial work to be performed.

## Breach of Contract

15. Plaintiff adopts and incorporates ¶¶ 1-14 above as if fully restated herein.

16. The Policy that is the subject of this case is a valid, enforceable agreement.

17. Nationwide has breached the contract for insurance by failing to pay the amounts due and owing pursuant to the Policy.

18. Plaintiff complied with the terms and provisions of the Policy, and no action or inaction by Plaintiff excused Nationwide's obligation to pay pursuant to the Policy.

19. Nationwide had a duty to use good faith and fair dealing with the Plaintiff in the performance of Nationwide's duties and obligations under the terms and provisions of the Policy.

20. Nationwide breached the terms of the Policy by failing to pay certain amounts due pursuant thereto.

21. Plaintiff has suffered damages legally caused by Nationwide's breach of contract.

## Bad Faith

22. Plaintiff adopts and incorporates ¶¶ 1-21 above as if fully restated herein.

23. Tennessee Code Annotated at section 56-7-105 provides that "an insurer may incur a penalty for bad faith failure to pay a claim."

-3-

24. The fire and related damages were a loss covered under the Policy.

25. Nationwide disbursed funds pursuant to the Policy for this loss.

26. Near the completion of the remedial work, Nationwide failed to disburse funds sufficient to pay for the remedial work to the Property.

27. Nationwide's failure to pay amounts due pursuant to the Policy for this covered loss following its assurance to Plaintiff upon review of the bid for the remedial work constitutes bad faith.

28. Based upon Nationwide's bad faith failure to pay pursuant to its Policy, Plaintiff is entitled to recover additional damages not to exceed twenty-five percent (25%) of the damages awarded to Plaintiff.

### Misrepresentation

29. Plaintiff adopts and incorporates ¶¶ 1-28 above as if fully restated herein.

30. Nationwide represented to Plaintiff that the Policy contained sufficient coverage amounts to pay for the subject fire damages and other losses in connection with this covered loss.

31. At the time Nationwide made such representations, it had knowledge of the amount of the contractor's bid to perform the remedial work.

32. Nationwide indicated its approval of and preference for the contractor retained by Plaintiff to perform the remedial work.

33. Plaintiff reasonably relied on Nationwide's representation that the Policy had adequate coverage amounts to pay for the remedial work to be performed on the Property.

34. Nationwide is in the business of providing policies of insurance for the type of coverage and losses suffered in this case, as well as managing and funding of such claims

-4-

following a covered loss.

35. As the preparer and issuer of the insurance policy in this case, Nationwide is in a better position to know contents and application of the Policy and well as the allocation of amounts provided for therein.

36. As such, it was reasonable for Plaintiff to rely on statements made by Nationwide concerning sufficient coverage under the Policy to pay for the covered loss pursuant to the contractor's bid approved by Nationwide.

37. Nationwide either knowingly provided false information to Plaintiff, or it provided such information with a reckless disregard as to the truth of the assertions made by Nationwide to Plaintiff.

38. The statements made by Nationwide concerning the Policy, coverage amount, and the application or allocation thereof constitute a misrepresentation as to a material facts.

39. Plaintiff suffered damages legally caused by Nationwide's misrepresentation.

### Negligent Misrepresentation

40. Plaintiff adopts and incorporates ¶¶ 1-39 above as if fully restated herein.

41. Nationwide had a duty of reasonable care to truthfully and accurately represent facts and information to Plaintiff concerning the Policy, the coverage amounts set forth therein, and the classification and/or allocation of such amounts under the Policy.

42. Nationwide breached this duty by making untrue or inaccurate representations to Plaintiff about the Policy, the coverage amounts set forth therein, and the classification and/or allocation of such amounts under the Policy.

43. Nationwide's breach of its duty to Plaintiff is the direct, proximate, and legal

-5-

cause of damages suffered by Plaintiff.

## **Promissory Estoppel / Detrimental Reliance**

44. Plaintiff adopts and incorporates ¶¶ 1-43 above as if fully restated herein.

45. Nationwide should have reasonably expected that Plaintiff would rely on the representations made by Nationwide about the Policy.

46. It was reasonably foreseeable that the representations made by Nationwide about its Policy applicable to this covered loss would induce performance by Plaintiff.

47. Nationwide's inducement is the legal cause of damages suffered by Plaintiff.

## **Prayer for Relief**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That all necessary and proper process issue and be served upon Nationwide Mutual Insurance Company.

2. That a jury consisting of six (6) persons be empaneled to try this case.

3. That upon the trial of this case Plaintiffs recover from Nationwide a judgment in such an amount as the jury finds will reasonably compensate Plaintiffs for their damages legally caused by Nationwide and for pre-judgment interest, trial expenses, and the costs of this cause.

4. That should the jury find from the evidence presented at the trial of this case that Nationwide acted in bad faith in its handling of Plaintiff's claim under the Policy, then Plaintiffs be awarded a bad faith penalty in an amount not to exceed twenty-five percent (25%) of the damages awarded to Plaintiffs.

5. That should the jury find from the evidence presented at the trial of this case that Nationwide acted intentionally or maliciously in its actions or inactions with regard to the

-6-

handling of Plaintiff's claim, then Plaintiff be awarded a judgment for punitive damages against Nationwide in such an amount as will adequately punish and deter Nationwide from similar wrongful conduct.

6. For other general relief to which Plaintiff may be entitled under the laws of the State of Tennessee that the Court deems necessary, equitable, or appropriate.

Respectfully Submitted:

TUNE, ENTREKIN & WHITE, P.C.

By: _____

T. Chad White, B.P.R. No. 21950
Regions Center, Suite 1700
315 Deaderick Street
Nashville, TN 37238
615/244-2770 (O); 615-244-2778 (F)
tcw@tewlawfirm.com

Attorneys for Mooreland Estates Homeowners Association

-7-

ENTERED_____

MOORELAND ESTATES HOMEOWNERS' ) 
ASSOCIATION, )
 )
    Plaintiff, )
 )
v. )   No. _41284_
 )
NATIONWIDE MUTUAL INSURANCE )
COMPANY, a/k/a NATIONWIDE )
INSURANCE, )
 )
    Defendant. )

---

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES AND REQUESTS FOR PRODUCTION
## PROPOUNDED UPON DEFENDANT

---

Mooreland Estates Homeowner's Association ("Mooreland Estates") hereby propounds the following interrogatories and requests for production upon Nationwide Mutual Insurance Company ("Nationwide") to be answered under oath and in writing pursuant to the Tennessee Rules of Civil Procedure.

### Instructions and Definitions

1. Scope. These Instructions and Definitions are not intended to broaden or narrow the scope of discovery permitted by the applicable Rules of Civil Procedure. The full text of these Instructions and Definitions are incorporated by reference into all discovery requests propounded in this matter, but shall not preclude: (a) the definition of additional terms specific to the particular litigation; and (b) the use of additional abbreviations that are familiar to the parties or their counsel.

2. Supplementation of Responses. You are hereby reminded of your obligation to supplement or correct your disclosures and responses to these interrogatories, requests for production, and requests for admission pursuant to Tenn. R. Civ. Pro. 26.05.

-1-

Consistent with Tenn. R. Civ. Pro. 26.05, you are advised that counsel for Mooreland Estates hereby specifically requests supplementation of these discovery requests as such supplementation becomes appropriate.

3. <u>Privilege</u>. Pursuant to Tenn. R. Civ. Pro. 33.01, for any Interrogatory not answered separately and fully due to some claim of privilege or other objection, state with specificity the reasons for the objection and answer the Interrogatory to the extent same is not objectionable.

4. <u>Answer</u>. Answer each Interrogatory separately and fully on the basis of your entire knowledge from all sources and all information in your possession or otherwise available to you, including but not limited to, information from your officers, directors, agents, employees, attorneys, representatives, consultants, subsidiaries, subcontractors, and any other person or entity purporting or authorized to act on your behalf.

5. The following definitions apply to all discovery requests:

a. <u>Person</u>. The term "person" means any natural person as well as any business entity, legal or governmental entity, association and any other private or public entity/organization.

b. <u>Concerning</u>. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

c. <u>Related to</u>. The term "related to" means directly or indirectly mentioning or describing, pertaining to, or reflecting upon a stated subject matter.

d. <u>Communication</u>. The term "communication" means any oral or written transmittal of information (e.g. facts, ideas, inquiries, opinions, data, or otherwise).

e. <u>Document</u>. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Tenn. R. Civ. Pro. 34. "Document" shall mean any and all (i) written, printed, typed, recorded, or other graphic matter of any kind; (ii) mechanical, magnetic, digital, and electrical sound recording, including any transcripts thereof; and (iii) computer data files now, or at any time, in the possession, custody, and/or control of a party's officers, directors, employees, servants, agents, and counsel or known by a party to exist. A draft or non-identical copy is a separate document within the meaning of this term.

f. <u>Identification or Identity</u>.

i. When referring to a <u>natural person</u>, state the person's full name, and any nickname or aliases, and the current or last known address(es), e-mail address(es), and telephone number(s) for such person.

ii. When referring to a <u>business entity</u>, state the full business entity

-2-

name and any other names under which it does business, the state of incorporation, the address of its principal place of business, the scope of its involvement in this case, the personnel or representative with whom you dealt, and telephone number.

iii. When referring to <u>documents</u>, state the type of document, the general subject matter of the document, its date, its author(s), addressee(s) and recipient(s), and its present or last known location or custodian.

g. The terms "Plaintiff" and "Defendant" as well as a party's abbreviated or full name or a pronoun referring to a party mean the party and, where applicable, its parent, subsidiary, or other related or affiliated organizations, and its officers, directors, employees, consultants, representatives and agents, and all other persons acting or purporting to act on its behalf. Without limiting the foregoing, the following terms shall, for purposes of these discovery requests, have the following meanings: "you" and "your" shall refer to the party to whom these discovery requests are addressed and the party's officers, employees, partners, representatives, agents, predecessors, successors, and assigns.

## Interrogatories

1. With respect to all witnesses whom you expect to call to give expert testimony at the trial of this matter pursuant to Tenn. R. Evid. 702, state the name, address, and telephone number of each such witness; the field in which the witness is to be offered as an expert including a summary of the witness' qualifications within said field; the subject matter on which the witness is expected to testify; the substance of the facts and opinions to which the witness is expected to testify; and a summary of the grounds for each opinion as provided by Tenn. R. Civ. Pro. 26.02(4).

**Answer:**

2.  Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with personal knowledge of the facts and matters concerning Nationwide's insurance policy with Mooreland Estates in effect at the time of the loss that is the subject of this lawsuit, including all declarations, endorsements, riders, supplements, amendments and or any documents purporting to add to or limit the insurance coverage available to Mooreland Estates; and for each person identified, provide a detailed description of the facts which the person has knowledge.

**Answer:**

3.  Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with personal knowledge of the facts and matters concerning Mooreland Estates' January 2006 fire loss and any and all documents (e.g. proof of loss summaries, damage reports, on-site inspection reports, clean-up and repair estimates/bids, recommended or preferred contractors lists, correspondence, claim notes, etc.) related thereto; and for each person identified, provide a detailed description of the facts which the person has knowledge.

**Answer:**

-4-

4. Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with personal knowledge of the facts and matters concerning Mooreland Estates' clean-up and repair efforts and the management and administration of this claim (e.g. approval of bids and/or contractors, processing of repair invoices, application or classification of claim amounts submitted, the decision not to pay certain amounts related to the loss, etc.); and for each person identified, provide a detailed description of the facts which the person has knowledge.

**Answer:**

5. From the date of the loss, identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every Nationwide representative assigned to this claim; and for each state the date of assignment, the date such assignment was discontinued, and the reason the assignment was discontinued.

**Answer:**

-5-

6. Identify, with specific reference to the provision(s) of the effective insurance policy and/or any attendant coverage document(s), every reason Nationwide ceased making disbursements to Mooreland Estates for remedial work related to the fire loss.

**Answer:**


7. To the extent any reason for the cessation of payments by Nationwide to Mooreland Estates is not based upon a specific provision of the insurance policy and/or any attendant coverage document(s), identify the document(s) supporting such decision, the identification of the preparer and the date of the document(s), and a detailed description of the contents of the document(s).

**Answer:**


8. Identify (full name and current or last known address(es), e-mail address(es), and telephone number(s)) every person with whom Nationwide has spoken concerning the cessation of payments by Nationwide to Mooreland Estates in connection with the fire loss; and for each person identified, provide a description of the information shared or matters discussed.

**Answer:**

-6-

9. With respect to all witnesses whom American Coatings expects to call to give any fact or lay testimony at the trial of this matter, state the full name and current or last known address(es), e-mail address(es), and telephone number(s) of each such witness; the subject matter on which the witness is expected to testify; the substance of the facts and opinions to which the witness is expected to testify; and a summary of the grounds or personal knowledge for each statement of fact or opinion that the witness intends to make.

**Answer:**

10. To the extent not previously provided in response to these discovery requests, state the full name and current or last known address(es), e-mail address(es), and telephone number(s) of individuals with personal knowledge of the facts and matters pleaded in the Complaint; and for each person identified, provide a description of the facts which the person has knowledge.

**Answer:**

11. Identify each and every coverage category (e.g. clean-up, haul-off, demolition repair, etc.) available under Mooreland Estates' effective insurance policy and/or any attendant coverage document and state the specific dollar amount / limit associated with each category.

**Answer:**

12. To the extent Nationwide contends that Mooreland Estates, or any agent thereof, made any statement or admission (adopted, written, or tape-recorded) regarding the facts or allegations made in the Complaint in this case or concerning the fire loss and claim related thereto, describe in detail the contents of each statement, admission, or representation that you contend were made, the date that each statement was made, to whom it was made, and the circumstances surrounding each alleged statement or admission.

**Answer:**

13.   State the full name, current (or last known) address, and telephone number each person who prepared, assisted in the preparation of, or provided information of any kind in connection with the preparation of the answers and responses to this First Set of Interrogatories and Requests for Production.

**Answer:**

STATE OF TENNESSEE     )
                       )
COUNTY OF _____ )

I certify that I have read these Answers to Interrogatories and affirm that they are true and correct to my best information, knowledge, and belief.

NATIONWIDE MUTUAL INSURANCE COMPANY

By:   _____
      Print
      Name: _____

Its:  _____

Sworn to and subscribed before me at office in _____
on this the _____ day of _____, 20_____.

_____
Notary Public

My commission expires: _____ / _____ / _____

-9-

## Instructions and Definitions:
## Requests for Production

1. The full text of the Instructions and Definitions: Interrogatories section above is incorporated herein by reference as if fully set forth herein.

2. Respond to each request utilizing all sources available to you, including but not limited to, your officers, directors, agents, employees, attorneys, representatives, consultants, subsidiaries, and subcontractors.

3. Pursuant to Tenn. R. Civ. Pro. 34, documents produced in response to these requests shall be organized and labeled to correspond with the categories in each request or shall be produced as they are kept in the usual course of business.

4. If any documents requested are no longer in your control or possession, state the reason the document is no longer within your control or possession.

5. If any documents requested are objected to and/or withheld as privileged, state the reasons providing the basis for same and produce or provide for inspection and/or copying the remaining parts pursuant to Tenn. R. Civ. Pro. 34. With respect to documents not produced on the basis of privilege, state in your response to production, for each document, a written statement evidencing: (a) the nature of the document; (b) a brief description of the contents sufficient to allow the Court to rule on a motion to compel; and (c) the author, recipient, sender, and date of the document.

## Requests for Production

1. For each witness identified in Interrogatory 1, produce the data or other information considered by the witness in forming the opinions; every document generated or provided to American Coatings by the expert(s); any exhibits to be used as summary of or support for the opinions; the witness' curriculum vitae; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding ten years.

**Response:**

2. Produce a complete copy of the insurance policy for Mooreland Estates in effect at the time of the January 2006 fire loss, including all declarations, endorsements, riders, supplements, amendments and or any documents purporting to add to or limit the insurance coverage available to Mooreland Estates.

**Response:**

3. Produce a copy of every document prepared by or submitted to Nationwide in connection with the January 2006 fire loss and any and all documents (e.g. initial claim form, proof of loss summaries, damage reports, on-site inspection reports, clean-up and repair estimates/bids, recommended or preferred contractors lists, correspondence, claim notes, etc.).

**Response:**

4. Produce every document referred to, relied upon, or otherwise demonstrates or substantiates your Answer to Interrogatory 4.

**Response:**

5. Produce every document referred to, relied upon, or otherwise demonstrates or substantiates your Answer to Interrogatory 7.

**Response:**

-11-

6. Produce every document referred to, relied upon, or otherwise demonstrates or substantiates your Answer to Interrogatory 12.

**Response:**

7. Produce any written or tape recorded statements made by any person purporting to be a witness to the facts or other matters alleged in the Complaint facts or otherwise concerning the January 2006 fire loss and claim related thereto, whether in your possession or in the possession of your attorney or your agents.

**Response:**

8. To the extent not otherwise produced in response to these Requests for Production, produce every document, memorandum, photograph, video, note, diary entry, journal entry, log, summary or other recordings created or maintained by Nationwide or its employees, contractors, agents, or other representative concerning the January 2006 fire loss and claim related thereto.

**Response:**

-12-

9. Produce a privilege log with regard to any discovery request that is not being answered on the basis of privilege or otherwise and state with specificity the reasons for the objection.

**Response:**

Respectfully Submitted:

TUNE, ENTREKIN & WHITE, P.C.

By: _____

T. Chad White, B.P.R. No. 21950
Regions Center, Suite 1700
315 Deaderick Street
Nashville, TN 37238
615/244-2770 (O)

Attorneys for Mooreland Estates

-13-



**CERTIFIED MAIL**™

7011 2970 0003 4363 9805

STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7011 2970 0003 4363 9805          08/22/2012
NATIONWIDE MUTUAL INSURANCE COMPANY
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

August 22, 2012

Nationwide Mutual Insurance Company
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 23787

Certified Mail
Return Receipt Requested
7011 2970 0003 4363 9805
Cashier # 4832

Re:     Mooreland Estates Homeowner'S Assn.  V.  Nationwide Mutual Insurance Company

Docket # 41284

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served August 22, 2012, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Chancery Court Clerk
    Williamson County
    P O Box 1666
    Franklin, Tn 37065

# STATE OF TENNESSEE 2012 AUG 16 AM 10:56
## SUMMONS

ENTERED _____

### IN THE CHANCERY COURT FOR WILLIAMSON COUNTY, TENNESSEE

Mooreland Estates Homeowner's
**Plaintiff** Association

**Plaintiff**

vs.

Nationwide Mutual Ins. Co.
**Defendant** a/k/a Nationwide Ins.
500 James Robertson Parkway
**Defendant**
Nashville, TN 37243-0565
**Defendant**

**CIVIL ACTION NO.** 41284 1

**Service By:**
☐ Sheriff
☐ Attorney
☐ Sec. Of State
☑ Comm. Of Insurance

To the above named Defendant:

You are hereby summoned and required to serve upon T. Chad White plaintiff's attorney, whose address is 315 Deaderick St., Suite 1700, Nash. TN 37238 , an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Witnessed and issued, Elaine B. Beeler, Clerk and Master for said Court at office this 16 day of Aug , 20 12

Clerk & Master

### NOTICE:

To the defendant(s): Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the terms you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Mail list, including docket number, to: Clerk and Master, P.O. Box 1666, Franklin, TN 37065.

## RETURN TO CLERK & MASTER

CO1